DAVID LOPEZ, ESQ. DL6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:         631.287.5520
Fax:        631.283.4735
e-Mail:    DavidLopezEsq@aol.com



**14 CV  7640**

RECEIVED
SEP 19 2014
U.S.D.C. S.D. N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE RAMOS

DEBORAH DONOGHUE and
AARON RUBENSTEIN,

    Plaintiffs,

- against -

RETROPHIN, INC.,

    Nominal Defendant,

and MARTIN SHKRELI,

    Defendant.
_____/

**COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS
UNDER 15 USC 78p(b)**

**Jury Trial Demanded**

**DEBORAH DONOGHUE and AARON RUBENSTEIN**, by David Lopez, Esq., their attorney, complaining of the defendants, respectfully allege the following upon information and belief, except as to paragraph 2, which plaintiffs allege on personal knowledge:

**JURISDICTION:**

1.  This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b),

and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES:**

2. Plaintiffs are security owners of RETROPHIN, INC. ("RETROPHIN"), a Delaware Corporation with principal offices 777 Third Avenue, 22nd Floor, New York, New York 10017.

3. At all times relevant the common stock of RETROPHIN was registered under Section 12(g) of the Act and was and is traded on the NASDAQ Global Market, a National Exchange located within this district. One or more subject transactions took place upon that Exchange.

4. This action is brought in the right and for the benefit of RETROPHIN which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant MARTIN SHKRELI was an insider of RETROPHIN, to wit: an officer, director and 10% beneficial owner of a class of equity security and thereby a fiduciary.

6. MARTIN SHKRELI maintains a principal place of business or is found at the offices of RETROPHIN, INC., 777 Third Avenue, 22nd Floor, New York, New York 10017.

7. Venue is correct in this district as all defendants maintain principal places of business or may be found in New York City and the National Securities

Exchange upon which one or more subject transactions took place is headquared within the district.

## STATUTORY REQUISITES:

8. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

9. Demand for prosecution was made on RETROPHIN on June 4, 2014. Counsel acting for RETROPHIN has corresponded with Plaintiffs' counsel. Through counsel RETROPHIN denies liability by MARTIN SHKRELI and threatens Rule 11 Sanctions should this complaint be filed. More than 60 days have passed from the date of the demand and RETROPHIN, through counsel, has clearly indicated it has no intention of acting to vindicate its own rights against a controlling insider. Further delay in the filing of suit would be a futile gesture, the mandatory statutory waiting period having been observed.

10. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time, if ever, when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

## FIRST CLAIM FOR RELIEF:

11. MARTIN SHKRELI sold 292,400 shares of the common stock of RETROPHIN at $15.14 on May 30, 2014.

12. MARTIN SHKRELI is deemed to have purchased 150,000 shares of the common stock of RETROPHIN within six months, on December 31, 2013, at a deemed price of $7.00 through the establishment on that date of call equivalent positions for such number of shares and additionally through the outright purchase of that number of shares for immediate delivery with future payment to be made at a price determined by fixed formula.

13. MARTIN SHKRELI purchased an additional 300 shares of RETROPHIN common stock on November 22, 2013, at $6.06, 150 additional shares on November 26, 2013, at $6.8066, 100 additional shares on December 6, 2013, at $8.30, 100 additional shares on December 9, 2013, at $8.11, 8,000 additional shares on January 14, 2014, at $10.8368, 2,000 additional shares on February 6, 2014, at $9.916, 3,500 additional shares on February 14, 2014, at $14.6018, 176,388 additional shares on May 30, 2014 and 7,500 additional shares on September 16, 2014, at $10.692.

14. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest out" method to produce profits recoverable from MARTIN SHKRELI to the extent of his pecuniary interests in such profits. The amounts of such profits are unknown to Plaintiff but are estimated to exceed $1,485,000 of which, upon information and belief, $139,866 has been repaid.

15. Such profits are recoverable on behalf of RETROPHIN by Plaintiffs as shareholders of RETROPHIN, the latter's management under the

influence and control of MARTIN SHKRELI having failed or refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

16. This Second Claim For Relief is a precaution against possible errors of details attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

17. MARTIN SHKRELI, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of BUCYRUS within periods of less than six months of each other while an officer director, beneficial owner of more than 10% of a class of equity security and fiduciary of RETROPHIN.

18. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider and fiduciary of RETROPHIN, MARTIN SHKRELI realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of RETROPHIN.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring MARTIN SHKRELI to account for and to pay over to RETROPHIN the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

   b)  Awarding to Plaintiffs thier costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

   c)  Granting to Plaintiffs such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
    September 18, 2014

                  Yours, etc.

                  _____
                  David Lopez, Esq.