UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE and AARON RUBENSTEIN,

Plaintiffs

- against -

RETROPHIN, INC.,

Nominal Defendant,

and MARTIN SHKRELI,

Defendant.

**ORDER AND
FINAL JUDGMENT**

14 Civ. 7640 (ER)

Ramos, D.J.:

      Deborah Donoghue and Aaron Rubenstein ("Plaintiffs"), shareholders of nominal

defendant Retrophin, Inc. ("Retrophin"), brought this action (the "Action") pursuant to Section

16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), on behalf of Retrophin, to

recover so called "short-swing profits" alleged to have been realized by the defendant Martin

Shkreli ("Shkreli"), in connection with his alleged purchases and sales of Retrophin securities (as

defined in 17 CFR § 240.3a11-1 under the Act) or derivative securities (as defined in 17 CFR §

240.16a-1(c) under the Act) within the time beginning November 22, 2013 and ending

November 28, 2014 (the "16(b) Trading Period").

      The Court has considered: (1) whether the terms and conditions of the Stipulation of

Settlement dated September 18, 2015 (Doc. 95, Ex. A) (annexed hereto as Exhibit A) (the

"Stipulation"), including the release of Shkreli, are fair, reasonable and adequate for the

settlement of all claims asserted by Plaintiffs in the Action and should be approved; (2) whether

judgment should be entered dismissing the Second Amended Complaint with prejudice; (3)

whether and what to award counsel for Plaintiffs as a reasonable attorneys' fee and reimbursement of costs and expenses.  Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the Stipulation.

The Court has considered all matters submitted to it on this motion, including the Stipulation, and all prior papers and proceedings in this Action.  **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Court has jurisdiction over the subject matter of this action, over the Plaintiffs, over Retrophin, and over Shkreli.

2.  The Court finds that Plaintiffs, through their counsel, have vigorously prosecuted the claims set forth in the Second Amended Complaint on behalf of Retrophin.

3.  The Stipulation is hereby approved as fair, reasonable and adequate and in the best interests of Retrophin and of its shareholders.  The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4.  This Order and Final Judgment shall not constitute evidence of, or an admission by, Plaintiffs, Shkreli or Retrophin respecting the validity or invalidity of any of the claims or defenses asserted by Plaintiffs or Shkreli as to liability or lack thereof with respect to any such claim or defense or for any recovery sought in the above-referenced matter, or of any wrongdoing or lack of wrongdoing by Shkreli whatsoever.

5.  The Second Amended Complaint is hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6.  Shkreli is hereby discharged and released from the "RELEASED CLAIMS," as that term is defined in the Stipulation.

7. The PLAINTIFF RELEASING PARTIES, as that term is defined in the Stipulation, are permanently barred and enjoined from instituting any other action, in this or any other court or tribunal of this or any other jurisdiction, raising claims which could have been asserted in this Action against Shkreli for trading in Retrophin securities (as defined in 17 CFR § 240.3a11-1 under the Act) or derivative securities thereof (as defined in 17 CFR § 240.16a-1(c) under the Act), including, without limitation, options to acquire Retrophin securities or any other derivative security or instrument tied to the value of any Retrophin equity security, during the 16(b) Trading Period, regardless of the theory of liability.

8. Plaintiff's counsel are hereby awarded an attorneys' fee (inclusive of reimbursement of costs and disbursements) in the sum of $600,000, which sum the Court finds to be fair, reasonable and adequate and which shall be paid to Plaintiffs' counsel by Shkreli after this Order has become Final as set forth in paragraphs 1 and 10 of the Stipulation.

9. The Court reserves jurisdiction over all matters relating to the enforcement, administration and performance of the Stipulation.

10. The Clerk of the Court is respectfully directed to enter and docket this Order and Final Judgment in this Action, and to close the case.

It is SO ORDERED.


Dated:    December 2, 2015
          New York, New York


                                    _____
                                    Edgardo Ramos, U.S.D.J.

# EXHIBIT  A

Ramos, E.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**DEBORAH DONOGHUE and**
**AARON RUBENSTEIN,**

                  **Plaintiffs,**

    - against -

**RETROPHIN, INC.,**

             **Nominal Defendant,**

**and MARTIN SHKRELI,**

            **Defendant.**

**Index No. 14 Civil 7640 (ER)**

## STIPULATION OF SETTLEMENT

By and through their respective attorneys, the parties to the above-captioned action (the "ACTION"), plaintiffs Deborah Donoghue and Aaron Rubenstein ("PLAINTIFFS"), nominal defendant Retrophin, Inc. ("RETROPHIN"), and defendant Martin Shkreli ("SHKRELI") (individually, "PARTY"; collectively, the "PARTIES"), have entered into the following Stipulation of Settlement ("STIPULATION" or "SETTLEMENT"), subject to the approval of the Court.

## RECITALS

**WHEREAS,** PLAINTIFFS, shareholders of RETROPHIN, brought this ACTION pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), on behalf of RETROPHIN, to recover so-called "short-swing profits" alleged to have been realized by SHKRELI in connection with his alleged purchases and sales of RETROPHIN securities (as defined in 17 CFR § 240.3a11-1 under the ACT) or derivative security thereof (as defined in 17 CFR § 240.16a-1(c) under the ACT) within the time

1



period beginning November 22, 2013 and ending November 28, 2014 (the "16(b) TRADING PERIOD");

**WHEREAS,** PLAINTIFFS assert claims in this ACTION by alleging that SHKRELI purchased and sold RETROPHIN securities, or is deemed to have purchased and sold RETROPHIN securities, that may be matched against one another to produce profits recoverable under the ACT;

**WHEREAS,** PLAINTIFFS assert that the potential profit realized under Section 16(b) exceeds six million dollars and have shared their discovery and analysis regarding liability with counsel for SHKRELI and counsel for RETROPHIN;

**WHEREAS,** SHKRELI believes he has meritorious defenses to some of PLAINTIFFS' Section 16(b) claims and that his liability is substantially lower than PLAINTIFFS claim;

**WHEREAS,** SHKRELI denies liability in excess of $605,720, and this STIPULATION shall in no event be construed or deemed to be evidence of or an admission or concession on the part of SHKRELI with respect to any allegations or fault or wrongdoing or damages, or to any liability in excess of $605,720, or any deficiency in the defenses SHKRELI may have or may assert.

**WHEREAS,** should SHKRELI's defenses have merit, recoverable profits would be diminished well below the recovery here provided;

**WHEREAS,** given the risks and uncertainties of the outcome of the ACTION and any subsequent appeal, the PLAINTIFFS, SHKRELI and RETROPHIN have concluded that it is in the interest of all PARTIES to settle this ACTION on the terms herein set forth;

2



**WHEREAS,** the PARTIES, through their counsel, have conducted substantial investigations relating to the claims and the underlying events alleged in the Second Amended Complaint and the defenses thereto. The PARTIES obtained extensive discovery from RETROPHIN and from third parties, including depositions and trading records, as a result of which the PARTIES have concluded that they are fully informed in entering into the settlement contemplated by this STIPULATION;

**WHEREAS,** the PARTIES have engaged in good faith, arm's length and fully adversarial negotiations among themselves which culminated in agreement for SHKRELI to pay Two Million Six Hundred Twenty-Five Thousand Dollars ($2,625,000) dollars (the "SETTLEMENT AMOUNT") in settlement of this ACTION;

**WHEREAS,** the PARTIES and all counsel agree that a settlement of this ACTION on the terms described herein is fair, reasonable, adequate and in the best interests of all concerned;

**WHEREAS,** in evaluating the proposed SETTLEMENT provided for herein, PLAINTIFFS and RETROPHIN have considered the substantial benefit being provided to RETROPHIN and its shareholders, the risks and uncertainties of the outcome of this ACTION and any subsequent appeal, the delay until there would be a final adjudication and additional legal fees and expenses which could reduce the ultimate recovery, whether on a litigated judgment if PLAINTIFFS were to prevail, or by settlement; and

**WHEREAS,** SHKRELI has agreed to this STIPULATION in order to fully and finally settle and dispose of all RELEASED CLAIMS and to avoid the continuing burden, expense, uncertainty, inconvenience and distraction of protracted litigation.

3



**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

## SETTLEMENT CONSIDERATION

1. Subject to the provisions of Paragraph 9, below, on or before the tenth business day after the ORDER AND FINAL JUDGMENT (as defined below) approving the SETTLEMENT becomes Final, SHKRELI shall pay or cause to be paid to RETROPHIN the sum of $2,025,000 (the "SETTLEMENT PAYMENT") and shall pay or cause to be paid to counsel for PLAINTIFFS the sum of $600,000 (the "LEGAL FEES PAYMENT"). RETROPHIN and counsel for PLAINTIFFS shall provide complete wire transfer instructions to counsel for SHKRELI on or before the day the ORDER AND FINAL JUDGMENT (as defined below) approving the SETTLEMENT becomes Final. The SETTLEMENT PAYMENT shall be paid by wire transfer to RETROPHIN, and the LEGAL FEES PAYMENT shall be paid by wire transfer to counsel for PLAINTIFFS. Except for SHKRELI'S transmittal of the SETTLEMENT PAYMENT and the LEGAL FEES PAYMENT, together comprising the SETTLEMENT AMOUNT, no PARTY shall be required to bear any other expense, cost, damage, or fee alleged or incurred by any other PARTY, or by any of their attorneys, experts, advisors, agents, or representatives in connection with this ACTION, or to implement this SETTLEMENT.

## SUBMISSION AND APPLICATION TO THE COURT

2. On October 16, 2015, PLAINTIFFS shall move the Court for a determination, supported by SHKRELI and RETROPHIN, whether the SETTLEMENT should be approved as fair, reasonable, adequate and in the interest of RETROPHIN and its shareholders, and for entry of an Order and Final Judgment (the "ORDER AND FINAL

4



JUDGMENT") substantially in the form annexed hereto as Exhibit A, which will:

    a)    Dismiss this ACTION with prejudice;

    b)    Find that the PLAINTIFFS vigorously prosecuted the claims set forth in the Second Amended Complaint on behalf of RETROPHIN;

    c)    Find that the terms of the SETTLEMENT are fair, reasonable, adequate and in the best interests of RETROPHIN and its shareholders; and

    d)    Effectuate the RELEASED CLAIMS as defined below.

    3.    The ORDER AND FINAL JUDGMENT shall become final following entry either by expiration of the time for appeal or review of such ORDER AND FINAL JUDGMENT or, if any appeal is filed and not dismissed, after the ORDER AND FINAL JUDGMENT is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

## RELEASE OF CLAIMS

    4.    In consideration of the SETTLEMENT PAYMENT and the LEGAL FEES PAYMENT, the RETROPHIN RELEASING PARTIES and the PLAINTIFF RELEASING PARTIES (each defined below, together the "RELEASING PARTIES"), each release and discharge the SHKRELI RELEASED PARTIES (defined below), from any and all liability, including without limitation any costs and disbursements, based upon claims under Section 16(b) of the ACT and the rules and regulations promulgated under Section 16 of the ACT caused by SHKRELI'S TRADING (which is defined to include, without limitation SHKRELI's purchase, sale, disposition, acquisition, pledge, gift or transfer of, or any transaction involving) in RETROPHIN securities (as defined in 17 CFR § 240.3a11-1 under the ACT) or derivative securities thereof (as defined in 17 CFR § 240.16a-1(c) under the ACT) during the 16(b) TRADING PERIOD that were asserted or



could have been asserted in this ACTION, whether brought individually, directly, representatively, derivatively or in any other capacity, to the extent such TRADING (and the matching TRADING giving rise to the alleged liability under the ACT) was reported by SHKRELI on Form 4s filed with the U.S. Securities and Exchange Commission (the "RELEASED CLAIMS").

    a.    "PLAINTIFF RELEASING PARTIES" shall mean (i) PLAINTIFFS, their family, associates, personal or legal representatives, employees, attorneys, financial or investment advisors, other advisors, consultants, accountants, trustees, heirs, executors, successors, assigns, partnerships, limited liability companies, estates, administrators, and assigns; and (ii) any and all owners of any RETROPHIN security (as defined in 17 CFR § 240.3a11-1 under the ACT) or derivative security thereof (as defined in 17 CFR § 240.16a-1(c) under the ACT), or any of them, other than RETROPHIN itself, whether or not any such releasing parties were named, served with process, or appeared in this ACTION.

    b.    "RETROPHIN RELEASING PARTIES" shall mean RETROPHIN and its present and former officers, directors, attorneys, parents, affiliates, successors and assigns (including their respective families, parent entities, associates, affiliates or subsidiaries), to the extent it has authority to act on their behalf, whether or not any such releasing parties were named, served with process, or appeared in this ACTION.

    c.    "SHKRELI RELEASED PARTIES" shall mean SHKRELI and his estate and his heirs, executors, and administrators acting in their capacity as his

6



heirs, executors or administrators, whether or not any such released parties were named, served with process, or appeared in this ACTION.

5.     The PLAINTIFF RELEASING PARTIES covenant not to bring any additional claims arising out of or relating to the assertions contained in the Second Amended Complaint in this ACTION or that could have been asserted in this ACTION against SHKRELI for TRADING in RETROPHIN securities (as defined in 17 CFR § 240.3a11-1 under the ACT) or derivative security thereof (as defined in 17 CFR § 240.16a-1(c) under the ACT), including, without limitation, options to acquire RETROPHIN securities or any other derivative security or instrument tied to the value of any RETROPHIN equity security, during the 16(b) TRADING PERIOD, regardless of the theory of liability.

6.     The RELEASED CLAIMS contemplated by this STIPULATION shall extend to any RELEASED CLAIMS that the RELEASING PARTIES do not know or suspect to exist at the time of the release, which if known, might have affected the RELEASING PARTIES' decision to enter into the release. The RELEASING PARTIES shall be deemed to relinquish, to the extent applicable to the RELEASED CLAIMS, and to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which states that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The RELEASING PARTIES shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of

7



common law, which is similar, comparable or equivalent to California Civil Code Section 1542 to the extent applicable to the RELEASED CLAIMS. The RELEASING PARTIES acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the RELEASED CLAIMS, but that it is their intention to fully, finally, and forever settle and release the RELEASED CLAIMS, whether known or unknown, suspected or unsuspected, which now exist or heretofore existed, and without regard to the subsequent discovery or existence of such additional or different facts.

## CONDITIONS OF SETTLEMENT

7.      This STIPULATION and all negotiations and papers related to it, and any proceedings in connection with the SETTLEMENT, whether or not the SETTLEMENT becomes final or is consummated, are not and shall not be construed, and shall not be construed to be evidence of, or an admission by, any of the PARTIES respecting the validity or invalidity of any of the claims or defenses asserted by PLAINTIFFS or SHKRELI as to liability or lack thereof with respect to any such claim or defense or for any recovery sought in this ACTION, or of any wrongdoing or lack of wrongdoing by SHKRELI whatsoever, and shall not be offered for admission or received as evidence in any action against SHKRELI of any such liability or wrongdoing or lack thereof by him.

8.      Any dispute between PLAINTIFFS and RETROPHIN regarding attorneys' fees and expenses, or any decision by the Court to approve an attorneys' fees and expenses award less than the amount of attorneys' fees and expenses sought by PLAINTIFFS shall not void the SETTLEMENT.

## ATTORNEYS' FEES AND EXPENSES

9.      PLAINTIFFS will apply to the Court for attorneys' fees and expenses in the



amount of Six Hundred Thousand ($600,000) dollars, which RETROPHIN has agreed to

support (the LEGAL FEES PAYMENT as defined above in paragraph 1). The LEGAL

FEES PAYMENT was negotiated between counsel for PLAINTIFFS and counsel for

RETROPHIN after the PARTIES had negotiated the provisions of the SETTLEMENT set

forth above. Such attorneys' fees and expenses as may be awarded by the Court, not to

exceed the sum of the LEGAL FEES PAYMENT, are to be paid by SHKRELI to counsel

for PLAINTIFFS after the Order and Final Judgment becomes Final in accordance with

Paragraph 3. If the Court awards less than $600,000 in attorneys' fees and expenses, then

Shkreli shall decrease the LEGAL FEES PAYMENT so that it matches the amount ordered

by the Court, and Shkreli shall increase the SETTLEMENT PAYMENT by a

corresponding amount, so that the sum of the two payments equals the SETTLEMENT

AMOUNT of $2,625,000. The SETTLEMENT is in no way contingent upon any

attorneys' fees and expenses being awarded.

10.    PLAINTIFFS agree and acknowledge that the award of attorneys' fees and

expenses as described in Paragraph 9 is the sole amount to which PLAINTIFFS and

counsel for PLAINTIFFS are due in connection with this ACTION or this STIPULATION

and expressly release and disclaim any right to any additional amount.

11.    RETROPHIN and SHKRELI acknowledge and agree that, as a result of

PLAINTIFFS' pursuit of this ACTION and their pursuit and negotiation of this

STIPULATION, this action has been diligently prosecuted against SHKRELI within the

meaning of Section 16(b) of the ACT.

12.    Any order or proceeding relating to the award of attorneys' fees and

expenses, or any appeal from any order relating thereto or reversal or modification thereof,

9



shall not operate to terminate or cancel this STIPULATION, or affect or delay the finality of the ORDER AND FINAL JUDGMENT.

## MISTAKE

13.    In entering into this STIPULATION, the PARTIES assume the risk of any mistake of fact or law. If the PARTIES, or any of them, should later discover that any fact they relied upon in entering into this SETTLEMENT is not true, or that their understanding of the facts or law was incorrect, the PARTIES shall not be entitled to seek rescission of this SETTLEMENT, or otherwise attack the validity of the SETTLEMENT, based on any such mistake. This SETTLEMENT is intended to be final and binding upon the PARTIES regardless of any mistake of fact or law.

## ENTIRE AGREEMENT

14.    This STIPULATION contains the entire agreement among the PARTIES concerning the subject matter hereof and no PARTY is relying upon any representation, promise or assertion not contained herein.

## COUNTERPARTS

15.    This STIPULATION may be executed in one or more actual or telecopied counterparts, each of which shall be deemed an original of the STIPULATION and all of which, when taken together, shall be deemed to constitute one and the same agreement provided that no PARTY shall be bound hereby unless and until all PARTIES shall have executed and delivered this STIPULATION.

## AUTHORITY

16.    The individuals signing this STIPULATION represent that they have the authority from his or her client(s) to execute, to release the RELEASED CLAIMS herein identified, to compromise and settle all his or her client's claims and defenses, and to bind

10



her or her client, subject to Court supervision.

## AMENDMENT

17.    This STIPULATION may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all PARTIES hereto that refers specifically to this STIPULATION.

## JURISDICTION

18.    The PARTIES submit to the continuing jurisdiction of this Court for all purposes relating to this ACTION and any disputes over this STIPULATION and its enforcement.

## CONSTRUCTION

19.    This STIPULATION shall be construed in all respects as jointly drafted and shall not be construed, in any way, against any PARTY on the ground that the PARTY or its counsel drafted this STIPULATION.

## BINDING EFFECT

20.    This STIPULATION, and all rights and powers granted hereby, will bind and inure to the benefit of the PARTIES hereto and their respective agents, executors, heirs, successors, assigns, employees, and employers.

## NON-ASSIGNMENT OF CLAIMS

21.    PLAINTIFFS represent and warrant that none of the claims or causes of action referred to in any complaint or amended complaint in this ACTION have been assigned, encumbered, or in any manner transferred in whole or part.

## SEVERABILITY

22.    If any provision of this STIPULATION is held to be illegal, invalid, or unenforceable, then: (i) such provision will be fully severable; (ii) this STIPULATION

11



will be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised part of this STIPULATION; and (iii) the remaining provisions of this STIPULATION will remain in full force and effect and will not be affected by the illegal, invalid or unenforceable provision or by its severance from this STIPULATION.

12



**IN WITNESS WHEREOF**, the PARTIES have executed this SETTLEMENT

effective as of the date noted below.


Dated: Southampton, New York
      October 19 2015


David Lopez
171 Edge of Woods Road, PO Box 323
Southampton, New York 11968
Tel:    631.287.5520
Fax:   631.283.4735
DavidLopezEsq@aol.com


*Attorney for Plaintiffs*


Dated: Washington, D.C.
      October 7, 2015


Elissa Preheim
Arnold & Porter LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Tel:    202.942.5000
Fax:   202.942.5999
Elissa.Preheim@aporter.com


*Attorneys for Defendant Martin Shkreli*


Dated: New York, New York
      October 9, 2015


Miriam Tauber
Miriam Tauber Law
885 Park Avenue, 2A
New York, New York 10075
Tel:    (323) 790-4881
Fax:
miriamtauberlaw@gmail.com


*Attorney for Plaintiffs*


Dated: New York, New York
      October 7, 2015


Ian Shapiro
Cooley LLP
1114 Avenue of the Americas
New York, New York 10036
Tel:    212.479.6000
Fax:
ishapiro@cooley.com


*Attorneys for Nominal Defendant
Retrophin, Inc.*


13