

Fox Rothschild LLP
ATTORNEYS AT LAW

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000 Fax 215.299.2150
www.foxrothschild.com

February 18, 2016

**BY ECF**

Honorable Edgardo Ramos
United States Court House
40 Foley Square
New York, NY 10007

Re: **Deborah Donoghue and Aaron Rubenstein v. Retrophin, Inc.
Case No. 14-CIV-7640 (ER) – Post Judgment Issues**

Dear Judge Ramos:

We represent defendant/judgment debtor Martin Shkreli in the above-referenced proceedings. As provided for in Your Honor's Individual Practices, we write to advise the Court of our intention, as permitted under CPLR § 5240, to file an order to show cause, and to request a pre-motion conference. The order to show cause seeks to require nominal defendant/judgment creditor Retrophin, Inc. ("Retrophin") to withdraw a subpoena *duces tecum* with notice of deposition directed to Mr. Shkreli, a restraining notice purportedly served on our firm and, further, to forgo serving additional restraining notices, notices of levy, executions, and other enforcement mechanisms in connection with this Court's Order and Final Judgment dated December 12, 2015 (ECF No. 98). The Court should grant Mr. Shkreli's order to show cause and the relief requested because Retrophin is withholding amounts it owes to Mr. Shkreli (more than $5,000,000) that far exceed the amount of its judgment ($2,025,000).

**Retrophin Fails To Acknowledge Fully Its Duty To Indemnify Mr. Shkreli And Advance Expenses**

Section 7.6 of the Amended and Restated Bylaws of Retrophin (the "Bylaws")[1], and Section 13 of Mr. Shkreli's Employment Agreement with Retrophin signed in December, 2013, mandate that Retrophin indemnify and advance expenses to Mr. Shkreli incurred in certain court and arbitration proceedings, including *SEC v. Shkreli*, 15-cv-07175 (KAM) (E.D.N.Y.), *U.S. v. Shkreli*, 15-cr-00637 (KAM) (E.D.N.Y.), *Retrophin, Inc. v. Martin Shkreli*, Case No. 1:15-cv-06451 (NRB) (S.D.N.Y.), *Shkreli v. Retrophin*, JAMS Reference No. 1425019284, *Huang v. MSMB Group, et al.*, N.Y. County Index No. 152829-2013, and *Koestler v. Retrophin, Inc. and Martin Shkreli*, AAA Reference No. 01-150004-42488.

Mr. Shkreli has made multiple demands to Retrophin for indemnification and advancement of expenses, including written demands dated May 14, 2015, August 17, 2015, December 28, 2015, February 3, 2016 and February 4, 2016 but, to date, Retrophin has not stated, without equivocation,

---

[1] A copy of the relevant section of the Restated Bylaws of Retrophin are attached as Exhibit A.

A Pennsylvania Limited Liability Partnership

California   Connecticut   Delaware   District of Columbia   Florida   Nevada   New Jersey   New York   Pennsylvania



**Fox Rothschild LLP**
ATTORNEYS AT LAW
Honorable Edgardo Ramos
February 18, 2016
Page 2

that it will honor and satisfy these obligations. In some instances, Retrophin has acknowledged it owes Mr. Shkreli indemnification and advancement; in others, Retrophin has raised questions about the scope of its obligations. In a letter dated February 17, 2016, Retrophin acknowledges its duty to advance Mr. Shkreli expenses but mistakenly contends that crediting any such advancements against the outstanding judgment is limited to those amounts that Retrophin may pay out-of-pocket, as contrasted with those amounts that Retrophin's insurance carriers may pay.[2] This contention fails because the duty to advance rests with Retrophin, not with Retrophin's insurance carriers. Retrophin further disputes that the amount of any credit for advancements exceeds, or will exceed, the amount of the judgment. As such, Retrophin continues to equivocate and has not honored its commitments to Mr. Shkreli.

**Retrophin May Force Mr. Shkreli to File An Action In Delaware To Enforce His Rights**

If Retrophin continues to withhold advancements and refuse to honor its obligations to indemnify, Mr. Shkreli may be required to commence an action in Delaware against Retrophin to enforce his rights. This will require Mr. Shkreli to incur additional legal fees. The Bylaws provide that advancement is available to Mr. Shkreli to the full extent allowable under 8 Del. C. Sec. 145 and Delaware case law. When a corporation provides for broad, mandatory advancement—as Retrophin does in its Bylaws—an individual's entitlement to advancement often depends on whether the expenses in question were incurred in "defending" against an action, suit or proceeding brought "by reason of the fact that he or she . . . is or was a director, officer, employee or agent of the Corporation . . . ."[3] The "by reason of the fact" requirement is satisfied if there is "a nexus or causal connection between any of the underlying proceedings . . . and one's corporate capacity."[4] Delaware Courts interpret that standard broadly in favor of advancement and have held that the "requisite connection is established 'if the corporate powers were used or necessary for the commission of the alleged misconduct.'"[5] All of the claims asserted against Mr. Shkreli for which advancement of expenses has been demanded have the requisite connection to the exercise of his corporate powers as President or CEO of Retrophin. This includes defending against the counterclaims asserted by Retrophin in the JAMS arbitration. Indeed, Delaware Courts find that expenses incurred defending against counterclaims filed by the corporation against the former officer or director must be advanced.[6] Further, where fees are incurred for litigating both claims for which advancement is due and claims for which no advancement is due, the fees must be paid.[7]

---

[2] A copy of the February 17, 2016 letter from Retrophin is attached as Exhibit B.
[3] Bylaws Art. 7.6.
[4] *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 214 (Del. 2005).
[5] *Pontone v. Milso Indus. Corp.*, 100 A.3d 1023, 1050-51 (Del. Ch. 2014) (quoting *Bernstein v. TractManager, Inc.*, 953 A.2d 1003, 1011 (Del. Ch. 2007)).
[6] *E.g., Paolino v. Mace Sec. Intl, Inc.*, 985 A.2d 392, 401 (Del. Ch. 2009) (awarding advancement in a situation where former officer sued corporation and corporation asserted counterclaims, noting that, "When a corporation plays offense, the covered person it claims against is 'defending.'").
[7] "If, however, the fee requests relate to both advanceable claims and non-advanceable claims, i.e. the work useful for *both* types of claims, that work is entirely advanceable if it would have been done independently of the existence



Accordingly, there is little doubt that Retrophin is obligated to advance expenses to Mr. Shkreli, has failed to do so despite demand, and is holding funds in excess of the amount of its judgment.

### Retrophin Abuses CPLR Article 52 Enforcement Procedures

On January 20, 2016, Retrophin secured a Writ of Execution as to Mr. Shkreli in the amount of $2,025,000. Retrophin later served multiple restraining notices with information subpoenas under CPLR § 5222 to Mr. Shkreli, banks and other third-parties. On February 4, 2016, Retrophin purportedly issued a restraining notice to Fox Rothschild LLP ("Fox Rothschild") in an effort to prevent Mr. Shkreli from using his own funds to pay for legal representation. On February 9, 2016, Retrophin directed a subpoena *duces tecum* and notice of deposition to Mr. Shkreli. Such conduct is an abuse of Article 52 because Retrophin is already withholding more than it is owed, and Retrophin is threatening Mr. Shkreli's ability to be represented by counsel.

CPLR § 5240 vests the Court with broad discretion to prevent abuse in the use of the enforcement procedures set forth in Article 52.[8] Here, the Court should prohibit Retrophin from using CPLR Article 52 enforcement mechanisms against Mr. Shkreli because Retrophin holds funds owed to Mr. Shkreli that far exceed the amount of its judgment.

We respectfully request a pre-motion conference to address these issues and, if necessary, set a briefing schedule. As a practical matter, a conference may provide an opportunity to discuss one or more approaches that may resolve this dispute. Thank you in advance for your consideration of this matter.

Respectfully submitted,

FOX ROTHSCHILD LLP

/s/ Scott L. Vernick
Scott L. Vernick
*Attorneys for Defendant Martin Shkreli*

---

of the non-advanceable claims." *Mooney v. Echo Therapeutics, Inc.*, C.A. No. 10054, (De. Ch. May 28, 2015) (citing *Denenberg v. Fitracks, Inc.*, 58 A.3d 991, 997-98 and *Paolino v. Mace Sec. Int'l*, 985 A.2d 392, 408 (Del. Ch. 2009)).
[8] *See Guardian Loan Co. v. Early*, 47 N.Y.2d 515, 517, (Ct. App. 1979); *Distressed Holdings, LLC v. Ehrler*, 113 A.D.3d 111, 120, (2d Dep't 2013) (statute grants substantial authority to order equitable relief).