# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

February 22, 2016

Hon. Edgardo Ramos
Judge of the United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  Donoghue and Rubenstein v. Shkreli and Retrophin Inc.
     14 Civil 7640 (ER) // Request For Pre-Motion Conference

Your Honor:

This is a shareholder suit to recover short-swing trading profits under Section 16(b) of the Securities Exchange Act of 1934, as amended. Judgment on consent entered on December 2, 2015, in favor of Retrophin and against Martin Shkreli in the amount of $2,000,025 with an additional award of attorney's fee of $600,000 to plaintiffs' counsel, all to be paid by Mr. Shkreli. I am one of plaintiff's counsel.

Mr. Shkreli has paid approximately $228,000 directly to plaintiffs' counsel and nothing to Retrophin. As plaintiffs' counsel we have served Restraining Notices and Information Subpoenas on between two and three dozen financial institutions and persons reasonably believed to hold assets of Mr. Shkreli or to have information that might lead to identifying the holders of such assets.

Mr. Shkreli has requested a pre-motion conference for the purpose of requiring us to lift the Restraining Notices we have in place. It is his contention that we have secured sufficient assets to satisfy the judgment. The bulk of such assets take the form of his claim that Retrophin is obligated, under Delaware law, under his employment agreement with Retrophin and under Retrophin's by-laws, to indemnify him for more than $5,000,000 in legal fees he has incurred in defending himself against civil and criminal charges arising from his actions while an officer and director of Retrophin.

Mr. Shkreli was discharged for cause by Retrophin, to wit: for misappropriating Retrophin assets to settle obligations he personally incurred, directly or through a failed hedge fund he headed, and unrelated to any legitimate obligation of Retrophin. Retrophin and Retrophin shareholders have sued him for recovery of embezzled or misdirected funds and he has been indicted in the Eastern District of New York for securities fraud in connection with misrepresentations he is alleged to have made as part of his scheme.

# DAVID LOPEZ

Hon. Edgardo Ramos
February 22, 2016
Page 2

Cooley LLP, as attorneys for Retrophin, has set out its opposition to Mr. Shkreli's position in Document # 104-2 filed in this case on February 18, 2016. There are insurance issues which are there addressed to which we, as plaintiffs' counsel, are not privy. We defer to Cooley LLP on such matters. We add, however, plaintiff's opposition with the additional observation that a right to indemnification for legal fees is dependent on a showing that the acts involved were undertaken in good faith and did not involve misconduct. A naked claim to indemnification is not the equivalent of cash in hand and absent adjudication should not stand in the way of collection efforts on a final judgment.

We join in Mr.Shkreli's request for a pre-motion conference for the purpose of obtaining permission to bring the following plaintiffs' motions:

1. For a turnover proceeding against Mr. Shkreli under CPLR Section 5225 requiring him to deliver to the United States Marshall various tangible assets which we have identified as in his possession.

2. To compel the following persons who were served with Information Subpoenas and have failed to answer fully to do so:

    a)  King & Spalding
    b)  Arnold & Porter
    c)  Fox Rothschild
    d)  Paddle8
    e)  UBS
    f)  Jocelyn Jacobson
    g)  Kaiabios

3. To compel Martin Shkreli to appear at a time and place certain to be orally deposed.

Very truly yours,

David Lopez
*Attorney for Plaintiff*