# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

March 23, 2016

The Hon. Barbara Moses
United State Magistrate Judge
United States District Court
S.D.N.Y.
500 Pearl Street
New York, New York 10007

**Re:   Donoghue et ano. v. Shkreli and Retrophin // 14 Civil 7640 (ER) (BCM)**

Your Honor:

I am one of plaintiffs' counsel and I write in response to Your Honor's Order Scheduling Conference filed March 22, 2016, to request that the plaintiffs be excused from participating.

I respectfully suggest that the pattern instructions of that Order requiring their appearance at the settlement conference scheduled for April 14, 2016, at 1:00 P.M. misapprehends the nature of the issues to be dealt with at that conference.

This is a shareholder suit brought under Section 16(b) of the Securities Exchange Act of 1934 (as amended) in which judgments have been entered and are final. We are now dealing with collection matters and it is a collection issue only which will be the subject of the conference. The plaintiffs have nothing to contribute to the mediation or resolution of that issue. Requiring them to travel from Rhode Island or upstate New York to sit and listen to wrangling over an issue in which they have no financial stake or injury in fact or right of influence will not contribute to a resolution and will merely inflict pointless inconvenience on them.

A final judgment, on consent, was entered in this matter on December 2, 2015 (Docket Entry # 98). The judgment became final thirty days thereafter. The case was closed and all that remained and remains thereafter was and is payment or execution.

The judgment made two distinct awards:

1. Payment to Retrophin in the amount of $2,025,000 as statutory damages; and
2. Payment to plaintiffs' counsel of a legal fee of $600,000.

DAVID LOPEZ

Hon. Barbara Moses
March 23, 2016
Page 2

Please note that the judgment makes each of these direct obligations of Mr. Shkreli to each of the designated recipients. It is not a case in which the total payment is directed to Retrophin which is then ordered to make payment to plaintiffs' counsel.

There is no dispute with respect to the payment due plaintiffs' counsel and Mr. Shkreli has made an approximately $228,000 installment payment against the total.

The only issues for the conference are whether his putative right under Delaware law and under his employment agreement with Retrophin for unrelated litigation expenses incurred or to be incurred by Mr. Shkreli in defending himself against charges of securities fraud and misappropriation from Retrophin while its chief executive officer, for which he has been indicted in the Eastern District of New York (CR 15-637 (Matsumoto, J.) (Levy, M.J.) may be offset against *the judgment due Retrophin only*.

This is a dispute between Retrophin, ably represented by Cooley, LLP, and Mr. Shkreli, equally ably represented by Fox Rothschild. Plaintiffs' counsel are merely interested observers because they have restrained many assets of Mr. Shkreli and need guidance on how much and to whom execution should go.

With respect to the judgment in favor of my colleague, Miriam Tauber, and I, we are both the real parties in interest and the only parties with injury in fact. Our clients are not lawyers and can have no claim whatsoever to share in that award. They have no continuing pecuniary interest in the proceeding which are in a closed case in which they are no longer litigants nor before the court. I will fly back from overseas on the day preceding the scheduled conference to participate. Ms. Tauber, a New York resident, will also be present.

We ask that the aspect of the Order directing our clients to appear or potentially be held subject to sanctions be withdrawn. They have noting to do with, or to contribute to, the proceedings.

Very truly yours,

David Lopez

DL/el
ECF Copies To All Counsel